USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                         :

UNITED STATES OF AMERICA,      :

                                    -v-                        :

                                                         :       1:10-cr-457-GHW

GILBRILLA KAMARA,               :
                        Defendant.     :          ORDER
                                                         :

                                                         :
-------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

       On May 11, 2012, Judge William Pauley sentenced the defendant principally to a term of imprisonment of 240 months following his plea of guilty to charges relating to a conspiracy to import cocaine, in violation of 21 U.S.C. § 963.  The defendant's sentencing guidelines range was 292-365 months imprisonment, based on an offense level of 40 and a criminal history category of I.

       On December 4, 2018, the defendant, acting *pro se*, filed a motion requesting a reduction in his sentence under 18 U.S.C. § 3582(c) as a result of the amendments to the U.S. Sentencing Guidelines (the "Guidelines") for most offenses involving controlled substances.  Dkt. No. 82.  The United States responded to that motion on April 24, 2019.  Dkt. No. 86.  In its response, the United States agreed that the defendant's motion could be granted, noting, however, that the Court's authority to reduce the defendant's sentence was limited in that any sentence reimposed must fall within the recalculated amended guidelines range of 235 to 293 months.  *Id.*  On April 26, 2019, Judge Pauley appointed the Federal Defenders of New York to represent Mr. Kamara in connection with his application.  Dkt. No. 87.

       Counsel for the defendant filed a response to the Government's letter on June 28, 2019. Dkt. No. 91.  In the defendant's response, the defendant acknowledged that the Court's discretion

to modify the defendant's sentence was cabined by the amended guidelines range. *Id.* The defendant advocated for the greatest possible reduction in the defendant's sentence within that framework—to 235 months. *Id.*

On August 13, 2021, this case was reassigned to me following Judge Pauley's untimely death. There is no indication on the docket that Judge Pauley has responded to the defendant's motion. Understanding that the motion remains pending, the Court responds to it here.

The defendant's eligibility for a sentence reduction is not disputed. The question presented to the Court is what the appropriate sentence is for the defendant in light of Amendment 782 to the Guidelines. The defendant has requested that the Court resentence him to a term of 235 months imprisonment. The United States has stated that it does not object to a sentence within the amended guidelines range of 235 months to 293 months imprisonment.

The Court has reviewed the record in this case, including the parties' sentencing submissions and the sentencing report prepared by the Probation Department. Having considered all of the sentencing factors described in 18 U.S.C. § 3553(a), the Court has concluded that the defendant's term of incarceration should be reduced to 235 months. While these factors are not the only matters considered by the Court, the Court highlights the following: the defendant is now 56 years old, he is reported to have displayed good conduct throughout his period of incarceration, and it is expected that he will be removed to his country of origin immediately following his term of incarceration. The remaining elements of the judgment of conviction are not altered. As a result, the defendant will be subject to a five year term of supervised release following his release from prison. The Court concludes that such a sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

The Court will enter an order amending the judgment separately.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not

be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 82 and 91 and to mail a copy of this order to the defendant.

      SO ORDERED.

Dated: August 19, 2021

                                                   GREGORY H. WOODS
                                                   United States District Judge