AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)　　Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/28/2021__

United States of America
v.
GILBRILLA KAMARA

Case No: 1:10-cr-00457-GHW-1
USM No: 91561-054

Date of Original Judgment: May 18, 2012
Date of Previous Amended Judgment: _____
*(Use Date of Last Amended Judgment if Any)*

Jennifer L. Brown
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of [✓] the defendant [ ] the Director of the Bureau of Prisons [ ] the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
[ ] DENIED. [✓] GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of __240__ months **is reduced to** __235 months__.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated __May 18, 2012__ shall remain in effect.
**IT IS SO ORDERED.**

Order Date: September 28, 2021

Effective Date: August 19, 2021
*(if different from order date)*

*Judge's signature*

Hon. Gregory H. Woods, USDJ
*Printed name and title*

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)     Page 2 of 2 (Page 2 Not for Public Disclosure)

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: GILBRILLA KAMARA
CASE NUMBER: 1:10-cr-00457-GHW-1
DISTRICT: Southern District of New York

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

| | | | | |
|---|---|---|---|---|
| Previous Total Offense Level: | 40 | Amended Total Offense Level: | 40 | |
| Criminal History Category: | I | Criminal History Category: | I | |
| Previous Guideline Range: | 292 to 365 months | Amended Guideline Range: | 235 to 293 months | |

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

[✓] The reduced sentence is within the amended guideline range.
[ ] The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
[ ] The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

The Court highlights that the defendant is now 56 years old, he is reported to have displayed good conduct throughout his period of incarceration, and it is expected that he will be removed to his country of origin immediately following his term of incarceration. The Court concludes that such a sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).