```
                                                        USDC SDNY
                                                        DOCUMENT
                                                        ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                            DOC #:
SOUTHERN DISTRICT OF NEW YORK                           DATE FILED: 10/3/2021
------------------------------------------------------------X
                                            :
   UNITED STATES,                           :
                                            :
                                            :
                                            :
              -v-                           :
                                            :        1:10-cr-457-GHW
                                            :
   GILBRILLA KAMARA,                        :           ORDER
                                            :
                     Defendant.             :
------------------------------------------------------------X
```

GREGORY H. WOODS, United States District Judge:

On May 10, 2021, the Court docketed a motion filed by Gilbrilla Kamara, acting *pro se*. The motion requested that the Court order his compassionate release pursuant to 18 U.S.C. § 3582(c). Dkt. No. 92 (the "First Motion"). This case was reassigned to the undersigned on August 13, 2021, following the untimely death of the Hon. William H. Pauley. On August 18, 2021, the Court ordered that the United States file an opposition to the First Motion. Dkt. No. 94. The Government filed its opposition on September 8, 2021 (the "Opposition"). Dkt. No. 97. Following the filing of the Opposition, the Court received a number of additional filings from Mr. Kamara. First was a request that the Court consider information regarding conditions in the Dalby Correctional Facility, where the defendant is housed, which was filed on September 13, 2021. Dkt. No. 98. Second was a separate motion for compassionate release, which was filed on September 21, 2021. Dkt. No. 99 (the "Second Motion"). Third was a reply to the Government's Opposition. Dkt. No. 100. And, finally, the defendant requested that the Court consider his First and Second Motions jointly, Dkt. No. 101, which the Court is doing in this order.

In his First and Second Motions, Mr. Kamara requests that the Court grant him compassionate release. The First Motion focuses on Mr. Kamara's own health conditions and the incremental risk associated with COVID-19 as the basis for the Court to find "extraordinary and

compelling" circumstances that would support his release. The Second Motion focuses on the defendant's family circumstances to support a finding that extraordinary and compelling circumstances justify his early release—in particular, the fact that, he asserts, he is the "only available caregiver" for his mother who he asserts to be incapacitated, yet is the primary guardian of the defendant's daughter, who is stated to suffer from a disability.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (quoting 28 U.S.C. § 994(t)). As relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons." The "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Such circumstances include, but are not limited to, circumstances where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 1 U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The defendant, however, must not be a danger to the community and the reduction must be

consistent with the Commission's policy statement.  *Id.* § B1.13(2)–(3).

In his Second Motion, Mr. Kamara asserts that he made a request to the warden of his facility for compassionate release and that it was denied.  Second Motion at 3-4.  Therefore, the Court accepts that Mr. Kamara has satisfied the statutory preconditions to his application.

The information provided in Mr. Kamara's applications are insufficient to meet his burden to demonstrate the existence of exceptional and compelling reasons for his release.  Mr. Kamara indisputably suffers from multiple documented health conditions.  The Court understands, however, that he is receiving appropriate treatment within the BOP for those conditions.  The mere fact that the defendant is suffering from medical conditions of the type described in his application are not, in the Court's view, sufficient on their own to give rise to exceptional and compelling circumstances for his early release.  While early in the pandemic such conditions, combined with the incremental risk associated with COVID-19 have been found to constitute "extraordinary and compelling" circumstances, today, given the fact that Mr. Kamara has been vaccinated for the disease and that the vaccine is widely available within the Bureau of Prison system, the Court does not find them on their own, or in conjunction with the incremental risk associated with COVID-19, to constitute "exceptional and compelling" reasons that would justify Mr. Kamara's early release.

Nor are Mr. Kamara's family obligations "extraordinary and compelling."  The Court recognizes the challenges faced by Mr. Kamara's family as a result of his separation from them.  Mr. Kamara recognizes "as he must[,] that many inmates share the plight of having an incapacitated spouse or partner at home."  Second Motion at 4.  This is likely true.  The Court recognizes that Mr. Kamara's family circumstances are challenging—particularly given that his mother and daughter are living in Sierra Leone, where, Mr. Kamara asserts, there are "no social programs providing care for the elderly . . . ."  *Id.*  Viewed objectively, while challenging, the circumstances described by Mr. Kamara are not exceptional.  As Mr. Kamara recognizes in his Second Motion, sadly, separation

3

from family, and the resulting inability to care for them, is an inextricable challenge of incarceration.

Moreover, in considering all of the § 3553(a) factors, the Court does not believe that a reduction in Mr. Kamara's sentence is warranted. Mr. Kamara accepted responsibility for conspiring to import an enormous amount of cocaine into the United States—at least 200 kilograms. Judge Pauley sentenced Mr. Kamara to 240 months after an evaluation of all of the sentencing factors under § 3553(a). Dkt. No. 71. The Court recently reduced Mr. Kamara's sentence by 5 months to 235 months. Dkt. No. 96.

Evaluating the § 3553(a) factors here, the Court does not believe that a further reduction in Mr. Kamara's sentence is warranted. Mr. Kamara's crime was extremely serious. A lesser sentence would not reflect the seriousness of the offense and impose a just punishment. Nor would a lesser sentence meet the need for specific deterrence: the Court would be returning Mr. Kamara to the place where he committed the prior offense without meaningful constraints on his ability to return to the commission of similar offenses. A lesser offense would also not serve the goal of general deterrence—international drug traffickers should expect to face substantial consequences for conspiring to import large quantities of drugs into the United States. The defendant's current sentence is consistent with the advisory sentencing guidelines range. While the defendant's need for medical care has arguably become greater with the passage of time and the evolution of the COVID-19 pandemic, that factor does not weigh heavily enough to outweigh the other factors considered by the Court. And the defendant's conduct while incarcerated, while largely meritorious, is not of such a nature that it leads the Court to believe that a reduction in his sentence is warranted in light of the heavy weight the Court affords to the need to impose a just punishment and to achieve the goals of personal and general deterrence. In sum, even if the reasons provided by Mr. Kamara did constitute "extraordinary and compelling" reasons for his release—and they do not—the Court does not believe that his release now is warranted.

In sum, having considered all of the information presented to the Court in connection with the First and Second Motions, the Court does not believe that a reduction in Mr. Kamara's sentence is warranted. Accordingly, Mr. Kamara's motions are DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 92, 98, 99, 100, and 101, and to mail a copy of this order to Mr. Kamara by first class mail.

SO ORDERED.

Dated: October 3, 2021
New York, New York

GREGORY H. WOODS
United States District Judge