USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/20/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
    UNITED STATES,

                    -v-                              1:10-cr-457-GHW

    GILBRILLA KAMARA,                          ORDER

                              Defendant.
-------------------------------------------------------------- X
GREGORY H. WOODS, United States District Judge:

On October 3, 2021, the Court entered an order denying a request by Gilbrilla Kamara for compassionate release. Dkt. No. 103 (the "Order"). In the Order, the Court concluded that Mr. Kamara had not met his burden to demonstrate extraordinary and compelling reasons for his early release. The Court also reevaluated the factors under 18 U.S.C. § 3553(a) and concluded that, even if Mr. Kamara had demonstrated extraordinary and compelling reasons for his release, a reduction in his sentence was not warranted.

A motion for reconsideration filed by Mr. Kamara, acting *pro se*, was docketed on November 17, 2021. Dkt. No. 104 (the "Initial Motion"). Mr. Kamara supplemented the Initial Motion with another submission on February 22, 2022. Dkt. No. 106 (the "Supplemental Motion," and, together with the Initial Motion, the "Motions"). In his Motions, Mr. Kamara asks that the Court reconsider its ruling in the Order. Because Mr. Kamara's Motions do not meet the standard for a motion for reconsideration, and because, in any event, the Court does not believe that Mr. Kamara should be released early given the serious nature of his underlying offense, the Motions are denied.

Local Criminal Rule 49.1(d) governs motions for reconsideration. "Prior to the adoption of Local Criminal Rule 49.1, courts in this circuit applied the identical standard found in Local Civil Rule 6.3 of the Local Rules to motions for reconsideration in criminal cases. Thus, the standard of

review for motions seeking reconsideration is the same under Local Criminal Rule 49.1 as it is under Local Civil Rule 6.3 and the Federal Rules of Civil Procedure." *United States v. Rice*, No. 96-CR-407 (SJF), 2015 WL 7459925, at *1 (E.D.N.Y. Nov. 24, 2015) (internal citations omitted). "Motions for reconsideration are . . . committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enforcement*, No. 14-cv-6117 (JPO), 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

      Mr. Kamara's Motions do not present information that merits a modification of the Court's prior conclusion that he had not met his burden to show extraordinary and compelling circumstances for his early release, and that the factors under 18 U.S.C. § 3553(a) weigh against his early release. The Initial Motion identifies one sentence from the Order which was not sufficiently precise. On page 3 of the Order, the Court wrote the following: "The Court understands, however, that he [Mr. Kamara] is receiving appropriate treatment within the BOP for those conditions." Mr. Kamara reasonably critiques this sentence because he is not incarcerated within a facility directly operated by the federal Bureau of Prisons (the "BOP"), but, rather, a facility under contract with the BOP. The Court was aware of that fact at the time of the Order from the parties' briefing; the reference to the BOP in that sentence was imprecise. Mr. Kamara also construes this sentence as a finding by the Court that Mr. Kamara was receiving adequate treatment in his facility. It was not the

intention of the Court to make such a finding, because the Court did not have sufficient evidence to make such a definitive conclusion. Rather the sentence referred to the substantial record of medical treatment afforded to Mr. Kamara and the lack of evidence demonstrating that the level of care was inappropriate.

Mr. Kamara's critique of the sentence is apt: it did not precisely capture the Court's understanding of the facts at the time that it issued the Order. At the same time, Mr. Kamara's motion for reconsideration does not point the Court to new facts that were not considered previously—the Court was aware both of the location of his incarceration and of the evidence of his medical treatment, but unartfully expressed its understanding in the Order.

Mr. Kamara also points to evidence regarding the relative efficacy of the Johnson & Johnson vaccine as opposed to other vaccines. That information does not change the Court's assessment of his failure to show extraordinary and compelling reasons for his early release. Mr. Kamara also argues that the Court's assessment of his family circumstances is at variance with how other courts evaluated other defendants' circumstances. That other courts reached different conclusions on different facts does not lead the Court to reconsider its conclusion here.

Significantly, regardless of whether or not Mr. Kamara had made a showing of extraordinary and compelling reasons for his early release, the Court did not—and does not—believe that a modification of his sentence is warranted based on the Court's assessment of the relevant sentencing factors under 18 U.S.C. § 3553(a). *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) ("When a district court denies a defendant's motion under 18 U.S.C. § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction."). Mr. Kamara's arguments regarding the Court's assessment of the § 3553(a) factors are premised on a contention that the crime of conviction was in part fictitious. *See, e.g.*, Initial Motion

3

at 4 ("Kamara accepted responsibility for conspiring to import at least 200 kilograms of cocaine into the United States, although it was a crime concocted only in the minds of federal agents."). He also argues that the sentencing court improperly calculated the sentencing guidelines range applicable to his offense. *Id.* at 5. Neither argument changes the Court's assessment of the § 3553(a) factors. This motion is not an opportunity to relitigate the nature of the underlying crime or the calculation of the sentencing guidelines at sentencing. Mr. Kamara appealed his conviction and the judgment was upheld. The crime for which the defendant was convicted was exceptionally serious—he conspired to import hundreds of kilograms of cocaine into the United States. He was sentenced to a below-guidelines sentence. A lesser punishment would not be just and would not serve the interests of personal or general deterrence.

Mr. Kamara argues that the Order overlooked the fact that upon his release, Mr. Kamara will not live in the United States, and that the fact of his anticipated deportation should be viewed as reducing the danger to the public from his release. Initial Motion at 6. Mr. Kamara misunderstands the Order. The Court knew that Mr. Kamara previously lived outside of the United States and that he was expected to be deported. That is why the Court wrote that if it ordered Mr. Kamara's early release "the Court would be returning Mr. Kamara to the place where he committed the prior offense without meaningful constraints on his ability to return to the commission of similar offenses." Order at 4. To put a finer point on the Court's observation: the fact that Mr. Kamara lived abroad before did not stop him from violating federal law. Mr. Kamara committed the crime of conviction living abroad. Thus, the danger presented by Mr. Kamara is not diminished by his deportation. If returned early to his country, Mr. Kamara would have the capacity to commit similar offenses. There is a substantial need for personal deterrence in this case given the nature of Mr. Kamara's offense.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Kamara and to terminate the motions pending at Dkt. Nos. 104 and 106.

SO ORDERED.

Dated: April 20, 2022

                                                  GREGORY H. WOODS  
                                                United States District Judge