```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
    UNITED STATES,                                            :
                                                              :
                                                              :
                                                              :
                    -v-                                       :     1:10-cr-457-GHW
                                                              :
                                                              :
    GILBRILLA KAMARA,                                         :     ORDER
                                                              :
                                    Defendant.                :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/27/2024

GREGORY H. WOODS, United States District Judge:

On February 2, 2022, the Court entered an order denying a request by Gilbrilla Kamara for the modification of his sentence pursuant to Amendment 821 of the Sentencing Guidelines. Dkt. No. 117 (the "Order"). In the Order, the Court concluded that Mr. Kamara was not entitled to an adjustment in his sentencing guidelines range as a zero-point offender. That was because he did not meet the requirements of Section 4C1.1(a)(10): "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." Mr. Kamara filed a motion asking the Court to reconsider its decision on February 29, 2024. Dkt. No. 118 (the "Motion").

Local Criminal Rule 49.1(d) governs motions for reconsideration. "Prior to the adoption of Local Criminal Rule 49.1, courts in this circuit applied the identical standard found in Local Civil Rule 6.3 of the Local Rules to motions for reconsideration in criminal cases. Thus, the standard of review for motions seeking reconsideration is the same under Local Criminal Rule 49.1 as it is under Local Civil Rule 6.3 and the Federal Rules of Civil Procedure." *United States v. Rice*, No. 96-CR-407 (SJF), 2015 WL 7459925, at *1 (E.D.N.Y. Nov. 24, 2015) (internal citations omitted). "Motions for reconsideration are . . . committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enforcement*, No. 14-cv-6117 (JPO), 2017 WL 2126839, at *1

(S.D.N.Y. May 16, 2017) (citing cases).  "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)).  As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2015) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

Mr. Kamara's Motion does not provide the Court with good grounds to reconsider the outcome of its Order.  As the leader and organizer who oversaw an organization that sought to bribe governmental officials to establish a secure method to traffic in enormous amounts of drugs, Mr. Kamara properly received a four level aggravated role adjustment under Section 3B1.1.(a).  Mr. Kamara does not contest this point in his Motion.

Instead, he argues that "to be ineligible for the zero-point reduction both prongs **MUST** be met.  The operative word **'and'** naturally if the Commission wanted the Courts to preclude everyone, it would have used the word **'or'**."  Motion at 3 (emphasis in original).  Mr. Kamara argues that because Section 4C1.1(a)(10) only applies if he was convicted of engaging in a continuing criminal enterprise and he was not, he satisfies the requirements of Section 4C1.1(a)(10).  *Id.*

This is a fair lay interpretation of the grammar of Section 4C1.1(a)(10).  But it is wrong.  As the Supreme Court recently explained when evaluating a statute that was written in a similar manner, in the English language, sometime "and" means "or."  *Pulsifer v. United States*, No. 22-340, 2024 WL 1120879 (U.S. Mar. 15, 2024).

And in this case, the Sentencing Commission has made it completely clear that it intended for Section 4C1.1(a)(10) to be read in that way.  The Sentencing Commission has recently proposed

a "technical" modification to the language of Section 4C1.1(a)(10) to address the misreading of the provision that Mr. Kamara has embraced in his Motion. In a December 26, 2023 notice and request for public comment and hearing regarding the anticipated rule change, the Sentencing Commission explained its intent when it drafted Section 4C1.10(a)(10):

> First, Part A of the proposed amendment would amend § 4C1.1. The 2-level adjustment for defendants with zero criminal history points at § 4C1.1 applies only if none of exclusionary criteria set forth in subsections (a)(1) through (a)(10) applies. Among the exclusionary criteria is subsection (a)(10), requiring that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." Several provisions in § 4C1.1 track similar language found in the safety valve criteria at 18 U.S.C. § 3553(f). In particular, § 4C1.1(a)(10) mirrors 18 U.S.C. § 3553(f)(4), which provides as a requirement that "the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act."
>
> Historically, courts have generally interpreted 18 U.S.C. § 3553(f)(4) as excluding a defendant from safety valve eligibility if such defendant had either an aggravating role or were engaged in a continuing criminal enterprise, given the otherwise exclusionary language beginning each phrase of subsection (f)(4) (i.e., "the defendant was not . . ." and ". . . was not engaged in"). The Sixth and the Seventh Circuits have squarely addressed this issue and held that defendants are ineligible for safety valve relief if they either have an aggravating role or engaged in a continuing criminal enterprise, but that it is not required to demonstrate both. See, e.g., *United States v. Bazel*, 80 F.3d 1140, 1143 (6th Cir. 1996); *United States v. Draheim*, 958 F.3d 651, 660 (7th Cir. 2020).
>
> *The Commission intended § 4C1.1(b)(10) to track the safety valve criteria at 18 U.S.C. § 3553(f)(4) and be applied by courts in the same way—namely, that a defendant is ineligible for the adjustment if the defendant meets either of the disqualifying conditions in the provision.* Nevertheless, since promulgation of new § 4C1.1, several stakeholders have raised the question of whether the "and" in the subsection (a)(10) is conjunctive or disjunctive.
>
> To address the confusion caused by the use of the word "and" in that provision, Part A of the proposed amendment would make technical changes to § 4C1.1 to divide subsection (a)(10) into two separate provisions, clarifying the Commission's intention that a defendant is ineligible for the adjustment if the defendant meets either of the disqualifying conditions listed in the provision.

Sentencing Guidelines for United States Courts, Notice and Request for Public Comment and Hearing (the "NPRM"), 88 FR 89142-01, 89162, 2023 WL 8874598 at *89162 (proposed Dec. 26,

3

2023) (to be codified at U.S.S.G. § 4C1.1).

Consistent with the Sentencing Commission's commentary in the NPRM, district courts that have considered the language of Section 4C1.1(a)(10) have concluded that it should be read disjunctively.  *See, e.g.*, *United States v. Diaz-Pellegaud*, No. 4:09-CR-40029, 2024 WL 417105, at *2 (D.S.D. Feb. 5, 2024) ("The Court notes that it interprets the provisions of § 4C1.1 (a)(10) as barring relief if either of the two disqualifications for relief in that section is present in an individual's case. That is because the language of § 4C1.1(a) states that an individual must meet 'all of the following criteria' and lack of an enhancement for role in the offense is one of the criteria.").

So in sum, Mr. Kamara's argument is wrong.  Read in the context of Section 4C1.1. as a whole, Mr. Kamara does not present the most persuasive interpretation of the text of the provision. And the commentary by the Sentencing Commission proves that his argument regarding the intentions of the Sentencing Commission is incorrect.  Contrary to Mr. Kamara's argument in his Motion, the Sentencing Commission expected that a defendant would be found to be ineligible for the zero-point offender discount if he "meets *either* of the disqualifying conditions in the provision." NPRM at 89162.  "Either," not "both."  Therefore, the Order should not be reconsidered.  Mr. Kamara is not entitled to a reduction in his sentence pursuant to Section 4C1.1.

However, the Court pauses again to note that Mr. Kamara's argument, while wrong, is far from irrational.  In the NPRM, the Sentencing Commission notes that several stakeholders raised the question presented by Mr. Kamara.  In the Motion, Mr. Kamara has engaged in a close textual reading of the Sentencing Guidelines, and presented a coherent, well-reasoned argument.  By doing so in the short window following his receipt of the Order, Mr. Kamara has demonstrated his continuing mental capacity.  Given the recent correspondence provided to the Court describing Mr. Kamara's failing health, Dkt. No. 111, the Court is pleased to see this evidence that Mr. Kamara's mental capacity remains strong, as reflected in his thoughtful submission.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Kamara, together with copies of the unpublished precedents cited herein, and to terminate the motion pending at Dkt. No. 118.

SO ORDERED.

Dated: March 27, 2024

GREGORY H. WOODS
United States District Judge